ORIGINAL

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL E. GRIFFITH | § | |
| | § | CIVIL ACTION NO: |
| Plaintiff, | § | |
| | § | |
| v. | § | |
| | § | 3-20CV3455-G |
| CINEPOLIS USA, INC., BRINKER | § | |
| INTERNATIONAL, INC., ET AL | § | |
| Defendants. | § | |
| | § | |

## PLAINTIFF'S COMPLAINT AND JURY DEMAND

Pursuant to Rule 15(a)(2) of the Federal Rules of Civil Procedure Defendant Samuel E. Griffith, pro se now files this Complaint and Jury Demand against Defendants Cinepolis USA, Inc. (Cinepolis), and Brinker International, Inc. (Brinker), (collectively, "Defendants"). This is an action under Title VII of the Civil Rights Act of 1964, as amended, and Title I of the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of race, African American and retaliation by agents and supervisors of Defendants. This is being brought to provide appropriate relief to Samuel E. Griffith who was adversely affected by such practices and actions of Defendants by and through its agents and supervisors. Plaintiff states as follows in support:

### PARTIES

1. The Plaintiff is Samuel E. Griffith ("Plaintiff") who is a United States citizen and a resident of the State of Texas.

2. The Defendant Cinepolis USA, Inc. (Cinepolis), is a corporation who operates a dine-in movie theater within the boundaries of Dallas County, with principal executive offices at, 14951 Dallas Parkway 300 Dallas, TX, 75254 ,where Plaintiff allege claims arising under the laws of the United States.

3. Defendant, Brinker International, Inc., is a corporation formed and incorporated in the State of Delaware with principal executive offices at 3000 Olympus Boulevard Dallas, TX, 75019.

## JURISDICTION AND VENUE

4. This Court has subject matter jurisdiction in this case pursuant to 28 U.S.C. § 1331 because Plaintiff allege claims arising under the laws of the United States. This Court also has subject matter jurisdiction pursuant to 28 U.S.C. § 1332 because the parties are diverse and the amount in controversy exceeds $75,000. This Court has personal jurisdiction over the Defendants because they continuously do business within the State of Texas.

5. Moreover, as set forth below Plaintiff has exhausted all administrative remedies with Respect to his discrimination claims under Title VII of the Civil Rights Act of 1964, as amended.

6. The employment practices alleged to be unlawful were committed within the jurisdiction of the United States District Court for the Northern District of Texas, Dallas Division.

## FACTS

7. Plaintiff was employed by Defendant Cinepolis USA, Inc.as an Assistant General Manager (AGM). He held that position from June 22, 2019 to August 6, 2020 prior to his constructive discharge on August 7, 2020.

8. Plaintiff was employed by defendant Brinker International, Inc. from February 26, 2013 until September 10, 2018.

9. On July 20, 2020 Plaintiff was accused of misconduct by Jessica Sanchez, Interim General Manager (IGM) Cinepolis – Victory Park, of alleged deficiencies in performance on the company's Teams communication platform.

10. The message alleged that the plaintiff lacked integrity and was dishonest regarding preventive maintenance on movie projectors at the Victory Park location.

11. On August 4, 2020 Plaintiff addressed the disparagement with Jessica Sanchez (IGM) and Jeremy Hilburn (GM).

12. At the meeting, Jessica Sanchez alleged that the previous General Manager, an African American, had falsified maintenance and that I was doing the same.

13. She also affirmed her beliefs by saying she had never worked with me before and her past experiences warranted the distrust.

14. As proof, Jessica alleged that the maintenance was noted as being completed on the same day, but it was impossible to do so because there were eight projectors and the maintenance required 3 hours to perform.

15. On August 6, 2020 Plaintiff was informed by Barrett Cox, Regional Manager (RM) of a demotion to go into effect prior to opening the following week on August 14, 2020.

16. The Assistant General Manager (AGM) position for Cinepolis – Victory Park would be filled by Jamit Vashee.  This was the position for which I was hired.

17.  Plaintiff was offered a Service Manager position at Cinepolis - Victory Park.

18. The service manager position would be a non-exempt position and would require the signing of a Return to Work Letter (RWL).

19. On August 7, 2020 Plaintiff informed Jeremy Hilburn, GM, that he could not accept the position of service manager and would resign.

20. On August 9, 2020 Plaintiff learned from Barrett Cox the Regional Manager (RM) that he was aware of the meeting on August 4, 2020 between Plaintiff, Jessica Sanchez (IGM) and Jeremy Hilburn (GM).

21. On August 9, 2020 Plaintiff informed Barrett Cox (RM) that he could not accept the position and because of the proximity of the conversation on August 4 and the decision to demote the Plaintiff on August 6, 2020 that he believed that they were related.

22. On August 15, 2020, Plaintiff filed a complaint with the EEOC alleging disparate treatment by Cinepolis USA, Inc.

23. On September 22, 2020, EEOC provided a right to sue letter to Plaintiff.

24. Prior to the events of 2020, around July of 2019, Jamit Vashee was as a service manager for Movie House & Eatery McKinney.

25. He was subsequently promoted to AGM upon his arrival to Cinepolis Victory Park around February of 2020.  This promotion created two positions of AGM at the Victory Park location in March of 2020.

26. Prior to working for Cinepolis USA, Inc., during his time at Brinker International, Inc. between 2013 and 2018, Plaintiff and Jamit Vashee worked as restaurant managers for Brinker's Brand, Chili's Grapevine Mills and Chili's Flower Mound, respectfully.

27. In March of 2019, after leaving employment of Brinker International, Inc., Plaintiff filed a complaint with the EEOC regarding unlawful business practices by Brinker International, Inc and lists a portion below:

    a. Discipline Standard are biased and unfair and establishes a Desperate Impact and Desperate Treatment of African Americans at Chili's Bar and Grill.

    b. The company's policies for promotion and transfer are discriminatory and violate Title VII of Civil Rights Act of 1964.

    c. The company's criteria for access to open positions violate Title VII of Civil Rights Act of 1964.

    d. The administration of these plans (discipline, promotion, transfer) violates Title VII of Civil Rights Act of 1964.

    e. The manager position and expectations violate the FLSA.

**EXHAUSTION OF ADMINISTRATIVE REMEDIES**

28. Plaintiff timely filed a charge of Discrimination and Retaliation with the EEOC on September 15, 2020 within 180 days of the last discriminatory event.

29. This lawsuit was also filed within ninety days of Plaintiff's receipt of a Notice of Dismissal and Right to Sue Letter issued by the EEOC on September 22, 2020.

30. Thus, Plaintiff has exhausted his administrative remedies and this suit has been timely filed under Title VII of the Civil Rights Act of 1964, as amended and Title I of the Civil Rights Act of 1991.

## FIRST CAUSE OF ACTION- DISCRIMINATION

31. During his employment, Defendants', in concert and separately, discriminated against Plaintiff based on his race, African American through actions of Defendants' agents and supervisors.

32. Cinepolis USA, Inc. unfairly compensated the Plaintiff regarding salary and benefits compared to Jamit Vashee who held the same position.

33. Cinepolis USA, Inc. unfairly disciplined the Plaintiff in violation of company's employment handbook in January of 2020.

34. Cinepolis USA unfairly demoted the Plaintiff to a subordinate position.

35. Brinker International, Inc. unfairly harassed the Plaintiff by providing false information to Cinepolis USA and as a result of protected actions taken by Plaintiff. This harassment was on going and continued between 2018 and 2020.

36. Plaintiff's race was a motivating factor in treatment of Plaintiff or actions described in paragraph 13 through 16 above.

37. Such conduct violates Title VII of the Civil Rights Act of 1964, as amended.

38. Plaintiff has been damaged as a result of this conduct.

39. Defendants' perpetrated this discrimination with malice and/or with reckless disregard for Plaintiffs statutorily protected rights.

40. An award of exemplary damages is therefore appropriate.

## SECOND CAUSE OF ACTION- DEFAMATION

41. On July 20, 2020 Plaintiff was accused of alleged deficiencies in performance by Jessica Sanchez, Interim General Manager (IGM) on the company's Teams platform.

42. The disparagement alleged that the plaintiff had falsified preventive maintenance on movie projectors at the Victory Park location.

43. Brinker International, Inc. provided false information to Cinepolis USA, Inc. as a result Plaintiff protected actions described in paragraph 27, above.

44. Plaintiff's race was a motivating factor in treatment of Plaintiff or actions described in paragraph 13 through 18 above.

45. Such conduct violates Title VII of the Civil Rights Act of 1964, as amended.

46. Plaintiff has been damaged as a result of this conduct.

47. Defendants' perpetrated this discrimination with malice and/or with reckless disregard for Plaintiffs statutorily protected rights.

48. An award of exemplary damages is therefore appropriate.

### THIRD CAUSE OF ACTION- RETALIATION

49. In 2018, Brinker International, Inc., provided Jamit Vashee with Plaintiff's personal evaluations and performance reviews.

50. Between July 2019 and March 2020, Jamit Vashee provided that privileged information described above to Barratt Cox.

51. Plaintiff's race was a motivating factor in treatment of Plaintiff or actions described in paragraph 39 through 40 above.

52. Plaintiff's protected right to complaint was also a motivating factor in the actions of Defendants' described in paragraph 39 above

53. Such conduct violates Title VII of the Civil Rights Act of 1964, as amended.

54. Plaintiff has been damaged as a result of this conduct.

55. Defendants' perpetrated this discrimination with malice and with reckless disregard for Plaintiffs statutorily protected rights.

56. An award of exemplary damages is therefore appropriate.

## JURY DEMAND

57. Plaintiff demands a trial by jury with respect to all claims that are so allowed.

## PRAYER FOR RELIEF

58. Wherefore, the Plaintiff respectfully request that this Court:

A. Order Defendants to make whole Samuel E. Griffith by providing appropriate back pay with prejudgment interest, in amounts of $1.33 million and other affirmative relief necessary to eradicate the efforts of its unlawful employment practices, including but not limited to front pay in lieu of reinstatement;

B. Order Defendants, to make whole Plaintiff, Samuel E. Griffith, by providing compensation for past and future pecuniary losses resulting from the unlawful employment practices described in paragraphs through above, including but not limited to medical expenses and job search expenses, in amounts of $123,000;

C. Order Defendants, to make whole Samuel E. Griffith by providing compensation for past and future non-pecuniary losses resulting from the unlawful employment practices described in paragraphs 8, 9, 20, 21, 26, 28 and 29 above, including but not limited to emotional pain, suffering, inconvenience, mental anguish, humiliation, loss of enjoyment of life and other non-pecuniary losses, in amounts of 1.2 million dollars;

D. Order Defendant, to make whole Samuel E. Griffith and others similarly harmed by paying punitive damages to Plaintiff, Samuel E. Griffith and others, for Defendants' malicious and /or reckless conduct as described in paragraphs 8, 9, 20, 21, 26, 28 and 29 above in an amount $130,000;

E. Grant such further relief as the Court deems necessary and proper in the public interest;

F. Award the Plaintiff, Samuel E. Griffith, pro se, his costs in this action;

G. Award Samuel E. Griffith reasonable attorney's fees and his costs in this action;

and pre and post judgment interest at the maximum amount allowed by law.

Plaintiff, Samuel E. Griffith, reserves and reasserts his request for a jury trial on all questions of fact raised by this complaint.

Respectfully submitted,

s/Samuel E. Griffith
Samuel E. Griffith
740 Cedar Leaf Circle
Lake Dallas, Texas 75065
sgriffy80@gmail.com
940-498-2568

CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the above and foregoing instrument was served on all counsel and parties of record by a manner authorized by Federal rule of Civil Procedure 5 (b)(2).

s/Samuel E. Griffith
Samuel E. Griffith
740 Cedar Leaf Circle
Lake Dallas, Texas 75065
sgriffy80@gmail.com
(940)498-2568

JS 44 (Rev. 06/17) - TXND (Rev. 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
Samuel E. Griffith

**DEFENDANTS**
Cinepolis USA, Inc.
Brinker International, Inc.

**(b)** County of Residence of First Listed Plaintiff: Denton County
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant: Dallas County
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

**(c)** Attorneys *(Firm Name, Address, and Telephone Number)*
Samuel E. Griffith
740 Cedar Leaf Circle, Lake Dallas Texas 75065

Attorneys *(If Known)*
Unknown

RECEIVED
NOV 20 2020
CLERK U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☒ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for: Nature of Suit Code Descriptions.

| CONTRACT | TORTS | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** / **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane / ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability / ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | **PROPERTY RIGHTS** | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | ☐ 820 Copyrights | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability / ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability / **PERSONAL PROPERTY** | **LABOR** | ☐ 840 Trademark | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle / ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | **SOCIAL SECURITY** | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability / ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury / ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice / ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 850 Securities/Commodities/Exchange |
| ☐ 196 Franchise | | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 890 Other Statutory Actions |
| **REAL PROPERTY** | **CIVIL RIGHTS** / **PRISONER PETITIONS** | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 891 Agricultural Acts |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights / **Habeas Corpus:** | | **FEDERAL TAX SUITS** | ☐ 893 Environmental Matters |
| ☐ 220 Foreclosure | ☐ 441 Voting / ☐ 463 Alien Detainee | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 895 Freedom of Information Act |
| ☐ 230 Rent Lease & Ejectment | ☒ 442 Employment / ☐ 510 Motions to Vacate Sentence | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 896 Arbitration |
| ☐ 240 Torts to Land | ☐ 443 Housing/Accommodations / ☐ 530 General | | | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment / ☐ 535 Death Penalty | **IMMIGRATION** | | ☐ 950 Constitutionality of State Statutes |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other / **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education / ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | ☐ 555 Prison Condition | | | |
| | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
Title VII of Civil Rights Act of 1964 as amended
Brief description of cause:
Employment Discrimination

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.
**DEMAND $** 1,300,000.00
CHECK YES only if demanded in complaint:
**JURY DEMAND:** ☒ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE N/A
DOCKET NUMBER N/A

DATE: 11/20/2020
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____  AMOUNT _____  APPLYING IFP _____  JUDGE _____  MAG. JUDGE _____

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Texas

Samuel E. Griffith )
_____ )
*Plaintiff* )
 )
v. ) Civil Action No.
 )
CINEPOLIS USA, INC., )
BRINKER ITERNATIONAL, )
INC., ET AL )

_____
*Defendant*

## SUMMONS IN A CIVIL ACTION

To:

Brinker International, Inc.
3000 Olympus Boulevard
Dallas, TX, 75019

　　　A lawsuit has been filed against you.

　　　Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

　　　Samuel E. Griffith
　　　740 Cedar Leaf Circle
　　　Lake Dallas, Texas 75065

　　　If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*CLERK OF COURT*

Date: _____        _____
　　　　　　　　　　　　　　　　　　　　　　　　　　　　　*Signature of Clerk or Deputy Clerk*

AO 440 (Rev. 12/09) Summons in a Civil Action

# UNITED STATES DISTRICT COURT
for the

Northern District of Texas

Samuel E. Griffith

*Plaintiff*

v.

CINEPOLIS USA, INC.,
BRINKER ITERNATIONAL,
INC., ET AL

*Defendant*

Civil Action No.

## SUMMONS IN A CIVIL ACTION

To:

Cinepolis USA, Inc.
14951 Dallas Parkway
Ste. 300. Dallas, TX, 75254

A lawsuit has been filed against you.

Within 21 days after service of this summons on you (not counting the day you received it) — or 60 days if you are the United States or a United States agency, or an officer or employee of the United States described in Fed. R. Civ. P. 12 (a)(2) or (3) — you must serve on the plaintiff an answer to the attached complaint or a motion under Rule 12 of the Federal Rules of Civil Procedure.  The answer or motion must be served on the plaintiff or plaintiff's attorney, whose name and address are:

Samuel E. Griffith
740 Cedar Leaf Circle
Lake Dallas, Texas 75065

If you fail to respond, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

*CLERK OF COURT*

Date: _____

_____
*Signature of Clerk or Deputy Clerk*