IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| SAMUEL E. GRIFFITH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:20-cv-3455-G-BN |
| | § | |
| CINEPOLIS USA, INC. and BRINKER | § | |
| INTERNATIONAL, INC., | § | |
| | § | |
| Defendants. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE**

Plaintiff Samuel E. Griffith filed a *pro se* lawsuit against two of his former employers, Defendants Cinepolis USA, Inc. and Brinker International, Inc. *See* Dkt. No. 3. Senior United States District Judge A. Joe Fish referred Griffith's case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference. And the Court granted Griffith leave to proceed *in forma pauperis* (IFP), *see* Dkt. Nos. 4 & 6, subjecting his claims to judicial screening under 28 U.S.C. § 1915(e)(2)(B).

After Brinker filed a motion to dismiss, the Court dismissed Griffith's initial complaint without prejudice to his filing an amended complaint. *See Griffith v. Cinepolis USA, Inc.*, No. 3:20-cv-3455-G-BN, 2021 WL 3059412 (N.D. Tex. June 28, 2021), *rec. accepted*, 2021 WL 3054865 (N.D. Tex. July 20, 2021) (*Griffith I*). And, because, prior to the Court's accepting the undersigned's recommendation as to the amended complaint, Griffith had filed a first amended complaint [Dkt. No. 12] (the FAC), the Court returned this case to the undersigned for further pretrial

management considering the FAC, *see Griffith I*, 2021 WL 3054865, at *1.

Brinker then moved to dismiss the claims alleged against it in the FAC. *See* Dkt. No. 15. Griffith responded. *See* Dkt. No. 17. Brinker replied. *See* Dkt. No. 18. And the Court remains obligated to screen Griffith's amended allegations against Cinepolis and Brinker, in full, under Section 1915(e)(2)(B).

The undersigned now enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent explained below, the Court should grant Brinker's motion to dismiss in part; allow no further leave to amend; order that the FAC be served on Cinepolis; and return this case to the undersigned for further pretrial management.

## Legal Standards

"The language of § 1915(e)(2)(B)(ii) tracks the language of Federal Rule of Civil Procedure 12(b)(6)." *Black v. Warren*, 134 F.3d 732, 733-34 (5th Cir. 1998) (per curiam). And dismissal for failure to state a claim under either Section 1915(e)(2)(B)(ii) or Rule 12(b)(6) "turns on the sufficiency of the '*factual* allegations' in the complaint," *Smith v. Bank of Am., N.A.*, 615 F. App'x 830, 833 (5th Cir. 2015) (per curiam) (quoting *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam)), as neither the IFP statute nor the Federal Rules of Civil Procedure "countenance dismissal of a complaint for imperfect statement of the legal theory supporting the claim asserted," *Johnson*, 574 U.S. at 11.

In deciding to dismiss a claim upon which relief may be granted, the Court "accepts all well-pleaded facts as true, viewing them in the light most favorable to the

plaintiff." *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205-06 (5th Cir. 2007).

Such a dismissal is therefore "not meant to resolve disputed facts or test the merits of a lawsuit" and "instead must show that, even in the plaintiff's best-case scenario, the complaint does not state a plausible case for relief." *Sewell v. Monroe City Sch. Bd.*, 974 F.3d 577, 581 (5th Cir. 2020).

Even so, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face," *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007), and must plead those facts with enough specificity "to raise a right to relief above the speculative level," *id.* at 555; *see also Sewell*, 974 F.3d at 582 ("Although this framework is one-sided, the issue 'is not whether a plaintiff will ultimately prevail but whether he is entitled to offer evidence to support his claims.' The other side will have its say later." (quoting *Doe v. Hillsboro Indep. Sch. Dist.*, 81 F.3d 1395, 1401 (5th Cir. 1996), *vacated on other grounds*, 113 F.3d 1412 (5th Cir. 1997))).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* And "[a] claim for relief is implausible on its face when 'the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct.'" *Harold H. Huggins Realty, Inc. v. FNC, Inc.*, 634 F.3d 787, 796 (5th Cir. 2011) (quoting *Iqbal*, 556 U.S. at 679); *see also Inclusive Communities Project, Inc. v. Lincoln Prop. Co.*, 920 F.3d 890, 899 (5th Cir.

2019) ("Where the well-pleaded facts of a complaint do not permit a court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – 'that the pleader is entitled to relief.'" (quoting *Iqbal*, 556 U.S. at 678 (quoting, in turn, FED. R. CIV. P. 8(a)(2)))).

While, under Federal Rule of Civil Procedure 8(a)(2), a complaint need not contain detailed factual allegations, a plaintiff must allege more than labels and conclusions, and, while a court must accept all of a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).

And a threadbare or formulaic recitation of the elements of a cause of action, supported by mere conclusory statements, will not suffice. *See id.* Instead, "to survive a motion to dismiss" under *Twombly* and *Iqbal*, a plaintiff need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that the plaintiff contends entitle him or her to relief. *Johnson*, 574 U.S. at 12 (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Inclusive Communities*, 920 F.2d at 899 ("'Determining whether a complaint states a plausible claim for relief' is 'a context-specific task that requires the reviewing court to draw on its judicial experience and common sense.'" (quoting *Iqbal*, 556 U.S. at 679; citing *Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("[T]he degree of specificity necessary to establish plausibility and fair notice, and therefore the need to include sufficient factual allegations, depends on context."))).

"*Pro se* complaints receive a 'liberal construction.' Even so, 'mere conclusory

allegations on a critical issue are insufficient ….'" *Brown v. Tarrant Cnty., Tex.*, 985 F.3d 489, 494 (5th Cir. 2021) (quoting *Carlucci v. Chapa*, 884 F.3d 534, 538 (5th Cir. 2018), then *United States v. Woods*, 870 F.2d 285, 288 n.3 (5th Cir. 1989) (per curiam)). And "liberal construction does not require that the Court ... create causes of action where there are none." *Smith v. CVS Caremark Corp.*, No. 3:12-cv-2465-B, 2013 WL 2291886, at *8 (N.D. Tex. May 23, 2013). "To demand otherwise would require the 'courts to explore exhaustively all potential claims of a *pro se* plaintiff' and would "transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party.'" *Jones v. Mangrum*, No. 3:16-cv-3137, 2017 WL 712755, at *1 (M.D. Tenn. Feb. 23, 2017) (quoting *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985)).

Aside from "matters of which judicial notice may be taken under Federal Rule of Evidence 201," *Inclusive Communities Project*, 920 F.2d at 900 (citations omitted), a court cannot look beyond the pleadings in deciding a Rule 12(b)(6) motion, *see Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999); *see also Basic Capital Mgmt., Inc. v. Dynex Capital, Inc.*, 976 F.3d 585, 589 (5th Cir. 2020) (Federal Rule of Evidence 201(d) "expressly provides that a court 'may take judicial notice at *any* stage of the proceeding,' and our precedents confirm judicially noticed facts may be considered in ruling on a 12(b)(6) motion." (citations omitted)).

Pleadings in the Rule 12(b)(6) context include attachments to the complaint. *In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *see also Gill*

*as Next Friend of K.C.R. v. Judd*, 941 F.3d 504, 511 (11th Cir. 2019) ("The Civil Rules provide that an attachment to a complaint generally becomes 'part of the pleading for all purposes,' including for ruling on a motion to dismiss." (quoting FED. R. CIV. P. 10(c); citations omitted)). And, "[w]hen 'an allegation is contradicted by the contents of an exhibit attached to the pleading, then indeed the exhibit and not the allegation controls.'" *Rogers v. City of Yoakrum*, 660 F. App'x 279, 285 n.6 (5th Cir. 2016) (per curiam) (quoting *United States ex rel. Riley v. St. Luke's Episcopal Hosp.*, 355 F.3d 370, 377 (5th Cir. 2004) (citing, in turn, *Simmons v. Peavy-Welsh Lumber Co.*, 113 F.2d 812, 813 (5th Cir. 1940))).

Documents "attache[d] to a motion to dismiss are considered to be part of the pleadings, if they are referred to in the plaintiff's complaint and are central to her claim." *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498-99 (5th Cir. 2000) (quoting *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993)). And, while the United States Court of Appeals for the Fifth Circuit "has not articulated a test for determining when a document is central to a plaintiff's claims, the case law suggests that documents are central when they are necessary to establish an element of one of the plaintiff's claims. Thus, when a plaintiff's claim is based on the terms of a contract, the documents constituting the contract are central to the plaintiff's claim." *Kaye v. Lone Star Fund V (U.S.), L.P.*, 453 B.R. 645, 662 (N.D. Tex. 2011). But, "if a document referenced in the plaintiff's complaint is merely evidence of an element of the plaintiff's claim, then the court may not incorporate it into the complaint." *Id.*

And a plaintiff may not amend his allegations through a response to a motion to dismiss. "[A] claim for relief" must be made through a pleading, FED. R. CIV. P. 8(a), and a response to a motion is not among the "pleadings [that] are allowed" under the Federal Rules of Civil Procedure, FED. R. CIV. P. 7(a); *see, e.g., Klaizner v. Countrywide Fin.*, No. 2:14-CV-1543 JCM (PAL), 2015 WL 627927, at *10 (D. Nev. Feb. 12, 2015) ("All claims for relief must be contained in a pleading. A response to a motion is not a pleading and it is improper for the court to consider causes of action not contained in the pleadings." (citations omitted)).

### Analysis

The Court liberally construed Griffith's initial complaint as asserting a claim of retaliation against Brinker and found that such a claim was not supported by plausible factual allegations. *See Griffith I*, 2021 WL 3059412, at *6-*9. But, through the FAC, Griffith now alleges explicitly that, under 42 U.S.C. § 1981, Brinker discriminated against him because of his race by terminating his employment in September 2018. *See* Dkt. No. 12 at 6-7, ¶¶ 1-11. And Griffith again alleges a defamation claim against Brinker. *See id.* at 7-8, ¶¶ 12-15.

To plausibly allege (and ultimately prove) discrimination claims – whether made under Title VII or Section 1981 – requires that a plaintiff either rely on direct evidence of discrimination or alternatively proceed under a burden-shifting analysis. "'[D]irect evidence is rare'" and has been defined by the Fifth Circuit "as 'evidence which, if believed, proves the fact without inference or presumption.'" *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 579 (5th Cir. 2020) (footnotes omitted); *see*

*also, e.g., O'Neal v. Cargill, Inc.*, 178 F. Supp. 3d 408, 420 (E.D. La. 2016) ("Section 1981 claims are governed by the same standards as Title VII, except that Section 1981 does not require exhaustion of administrative remedies." (citing *Chen v. Ochsner Clinic Found.*, 630 F. App'x 218, 227 (5th Cir. 2015) (per curiam))).

For example, "'[a] statement or document which shows "on its face that an improper criterion served as a basis – not necessarily the sole basis, but a basis – for the adverse employment action [is] direct evidence of discrimination."'" *Clark*, 952 F.3d at 579 (footnote omitted). And, because Griffith's amended allegations against Brinker, like his original ones, do not implicate direct evidence of discrimination, Griffith must proceed under the applicable burden-shifting analysis and first articulate a prima facie case as to each cause of action.

The prima facie elements of discrimination are that a plaintiff

(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group.

*McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007) (citation omitted).

A plaintiff need not establish a prima facie case at the pleading stage. *See Cicalese v. Univ. of Tex. Med. Branch*, 924 F.3d 762, 766 (5th Cir. 2019); *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013). But a plaintiff must "plead sufficient facts on all of the ultimate elements of his claim to make his case plausible." *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016) (citations omitted); *see also Meadows v. City of Crowley*, 731 F. App'x 317, 318 (5th Cir. 2018) (per curiam) (*Raj* "does not exempt a plaintiff from alleging facts sufficient to establish the

elements of her claims." (citations omitted)).

So, at this stage, the Court must ask whether Griffith provides enough facts in the FAC to allege an actionable claim of employment discrimination against Brinker. *See Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 512-13 (2002). And, if he "has not pled such facts," it is "proper[ to] dismiss" this claim. *Meadows*, 731 F. App'x at 318; *see also Cicalese*, 924 F.3d at 766-67 (noting that the district court's "task is to identify the ultimate elements of [the applicable employment-related] claim and then determine whether the" plaintiff has pled those elements but that a "district court err[s if it] require[es a plaintiff] to plead something beyond those elements to survive a motion to dismiss").

Griffith, then employed as a restaurant manager for Brinker, alleges that, "[o]n a walkthrough of [his] restaurant" on September 7, 2018, Brinker's regional vice-president, "found product that was out-of-date (beyond recommended use-by-date) of the company." Dkt. No. 12 at 6, ¶ 4. Griffith further alleges that, as a result, Brinker fired him, "although there were no evaluations of [his] work performance that warranted disciplinary actions against him between February and September 10, 2018 that could lead to termination." *Id.*, ¶ 5. Griffith does not deny that the September 7 inspection led to his termination. He instead asserts that this "'misconduct' did not rise to the level of misconduct" defined in the Texas Labor Code, *id.* at 6-7, ¶ 8, and that other mangers who are not African American "had similar events occur on their shifts (product out-of-date)" and "were treated more favorable than [him] and were neither evaluated for them nor disciplined for them in this

manner," *id.* at 7, ¶ 10.

Brinker does not dispute that Griffith is a member of a protected class who was discharged but urges dismissal based on the above allegations insofar as Griffith

> fails to establish that he was qualified for the position. To be "qualified," a plaintiff must be performing his job at a level that met his employer's legitimate expectations at the time of his discharge. *McClaren v. Morrison Mgmt. Specialists, Inc.*, 316 F. Supp. 2d 489, 491 (W.D. Tex. 2004). By Plaintiff's own admission, he had violated Brinker's polices regarding the retention of expired product. Plaintiff's own allegations support Brinker's reason for his discharge – unsatisfactory job performance, that the Work Separation Details form submitted by Brinker to the TWC indicated that he failed to follow instructions/policy, and that he was discharged for misconduct-related performance. Accordingly, Plaintiff's § 1981 claims should be dismissed.

Dkt. No. 15 at 9-10.

The undersigned cannot agree that this argument fairly characterizes Griffith's burden at this stage: to plead sufficient facts on all the elements of – but not prove – a prima facie case. For example, *McClaren* was decided on a motion for judgment as a matter of law, made after denial of summary judgment and a two-day trial. *See also Pita Santos v. Evergreen Alliance Golf Ltd., LP*, 650 F. Supp. 2d 604, 609-10 (S.D. Tex. 2009) ("A plaintiff will not satisfy the 'qualified for position held' element of the test <u>if the defendant can show</u> that he was not 'performing his job at a level that met his employer['s] legitimate expectations at the time of his discharge.'" (decided in the context of summary judgment; quoting *McClaren*, 316 F. Supp. 2d at 497-98; citations omitted; emphasis added)).

Further, it is not clear that *McClaren* (or *Pita Santos*) accurately reflects controlling law in this circuit as to whether a plaintiff is "qualified" for the purpose of a prime facie case. *See, e.g., Berquist v. Wash. Mut. Bank*, 500 F.3d 344, 350-51 (5th

Cir. 2007) ("Similar to the plaintiff in *Bienkowski*, … Berquist possessed the same job qualifications when Washington Mutual terminated him as when Martinez assigned him to the credit review position. Accordingly, Berquist need not show that his performance met Washington Mutual's expectations to establish a prima facie case. Although Washington Mutual submitted evidence that Berquist's supervisors were not pleased with his performance, this evidence does not prove a lack of qualifications at the prima facie stage. As aptly stated in *Bienkowski*, '[p]lacing a plaintiff's "qualifications" in issue at both the prima facie [ ] and pretext stages of a termination case is an unnecessary redundancy.' Therefore, for the limited purposes of establishing a prima facie case, Berquist demonstrated that he was qualified for his position." (quoting *Bienkowski v. Am. Airlines, Inc.*, 851 F.2d 1503, 1505 (5th Cir. 1988); citations omitted)); *cf. Bienkowski*, 851 F.2d at 1506 & n. 3 (holding that "a plaintiff challenging his termination or demotion [under the ADEA] can ordinarily establish a prima facie case of age discrimination by showing that he continued to possess the necessary qualifications for his job at the time of the adverse action" and explaining that "[b]y this we mean that plaintiff had not suffered physical disability or loss of a necessary professional license or some other occurrence that rendered him unfit for the position for which he was hired").

    In sum, because Griffith alleges that he was employed in the position from which he was terminated, he has provided enough facts to show that he was qualified for that position for the limited purpose of alleging a prima facie case of discrimination.

Brinker further argues that, "[a]lthough Plaintiff claims that other non-African-American managers engaged in similar conduct and were treated more favorably, this constitutes nothing more than mere speculation and conjecture" and that Griffith has "failed to state anything beyond a mere conclusory statement that these other managers were not disciplined for the same violations." Dkt. No. 15 at 11-12; *see also id.* at 12 n.9 ("Notably, according to Plaintiff, Lisa Wherry was the General Manager at the time of Plaintiff's discharge and was not similarly situated under nearly identical circumstances."); *id.* at 12 n.10 ("Plaintiff purports to have details of personnel actions taken, or not taken, against other employees; however, Plaintiff fails to allege any facts that could plausibly support his assertions. Plaintiff was not an employee with access to coworker's evaluations or writeups. In other words, Plaintiff does not show that the circumstances around the other employees were similarly situated in nearly identical circumstances, as the evidentiary burden requires.").

Contrary to Brinker's argument, Griffith has no "evidentiary burden" as to this prima facie element currently. And he may be entitled to discovery to prove his allegations as to personnel actions concerning similarly situated managers who are not in his protected class.

As stated above, Brinker's motion to dismiss is "not meant to resolve disputed facts or test the merits of [Griffith's] lawsuit" – Brinker "instead must show that, even in [Griffith's] best-case scenario, the complaint does not state a plausible case for relief." *Sewell*, 974 F.3d at 581; *see also id.* at 582 ("[T]he issue 'is not whether a

plaintiff will ultimately prevail but whether he is entitled to offer evidence to support his claims.' The other side will have its say later." (quoting *Doe*, 81 F.3d at 1401)).

Here, Griffith has also alleged enough facts to plausibly allege this ultimate element. Griffith's discrimination claim against Brinker should therefore be allowed to proceed at this time.

But, insofar as Griffith realleges a defamation claim against Brinker, *see* Dkt. No. 12 at 7-8, ¶¶ 12-15, that claim should now be dismissed with prejudice.

To maintain a valid claim of defamation under Texas law, a plaintiff must demonstrate that the defendant: (1) published a statement; (2) containing assertions of fact that are defamatory, injuring the plaintiff's reputation; (3) while acting with either actual malice, if plaintiff is considered a public official or public figure, or negligence, if plaintiff is a private individual, regarding the truth of the statement. *WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571 (Tex. 1998); *see generally N.Y. Times v. Sullivan*, 376 U.S. 254, 279-80 (1964). A plaintiff may avoid dismissal of a defamation claim by presenting clear and specific evidence as to each element. *See D Magazine Partners, L.P. v. Rosenthal*, 529 S.W.3d 429, 434 (Tex. 2017). "Clear and specific evidence means that the plaintiff 'must provide enough detail to show the factual basis for its claim.'" *Id.* (quoting *In re Lipsky*, 460 S.W.3d 579, 584 (Tex. 2015)).

Defamation may occur through either libel or slander. *See Dallas Morning News, Inc. v. Tatum*, 554 S.W.3d 614, 623 (Tex. 2018). An action for libel requires the publication of a defamatory statement about the plaintiff to a third party in written or other graphic form. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 73.001. While slander

is defamation in oral form that is likewise published to a third party. *Tatum*, 554 S.W.3d at 623-24.

Libel or slander, the threshold question in a case alleging defamation is "whether the words used 'are reasonably capable of a defamatory meaning.'" *Id.* at 624 (citing *Musser v. Smith Prot. Servs., Inc.*, 723 S.W.2d 653, 655 (Tex. 1987)). A statement is (1) defamatory when it "tends to injure a living person's reputation and thereby expose the person to public hatred, contempt or ridicule, or financial injury or to impeach any person's honesty, integrity, virtue, or reputation," TEX. CIV. PRAC. & REM. CODE ANN. § 73.001, and (2) "defamatory per se when it is 'so obviously harmful that general damages, such as mental anguish and loss of reputation, are presumed,'" *Tatum*, 554 S.W.3d at 638 (citations omitted). And, unless a statement is verifiably false, it is not defamatory regardless of whether it is in oral or written form. *See id.* at 624.

Against Brinker, Griffith alleges, in sum, that the company provided "poor employment references of [him] to potential employers." Dkt. No. 12 at 7, ¶ 13. But Griffith alleges no facts from which the Court may infer that Brinker acted with actual malice as to statements it allegedly provided to prospective employers. As such, "under Texas law, a qualified privilege protects a former employer's statements about a former employee to a prospective employer." *Brooks v. AAA Cooper Transp.*, 781 F. Supp. 2d 472, 486 (S.D. Tex. 2011) (citing *Wheeler v. Miller*, 168 F.3d 241, 253 (5th Cir. 1999); *Burch v. Coca-Cola Co.*, 119 F.3d 305, 323-26 (5th Cir. 1997); *Pioneer Concrete of Tex., Inc. v. Allen*, 858 S.W.2d 47, 49 (Tex. App. – Houston 1993 [14th

Dist.], writ denied); *Smith v. Holley*, 827 S.W.2d 433, 436 (Tex. App. – San Antonio 1992, writ denied)). *Cf. Telkamp v. Stein Mart, Inc.*, No. 3:00-cv-340-D, 2002 WL 324288, at *9 (N.D. Tex. Feb. 27, 2002) ("The Court has previously determined that the record contains no evidence that Sullivan gave negative references to prospective employers. Even if she had done so, Texas law provides a qualified privilege for former employers after the plaintiff consents to, authorizes, invites or procures the contact. Sullivan's statements to the Texas Workforce Commission in response to Plaintiff's application for unemployment compensation are privileged. Plaintiff has been given the opportunity to state her best case, but she fails to state a claim against Sullivan." (citations omitted)).

Further, the undersigned previously recommended that the Court should serve the operative complaint on Cinepolis. *See Griffith I*, 2021 WL 3059412, at *10. The same concerning allegations – that a supervisor of Griffith at the company accused him of falsifying maintenance based, at least in part, on her experience with a previous African American employee – are repeated in the FAC. So the FAC should be served on Cinepolis.

And the Court should not allow Griffith further leave to amend his complaint. As he has been given sufficient notice of applicable deficiencies and has been allowed leave to amend to allege his best case, it's time to move past the pleadings stage. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam).

## Recommendation

The Court should grant Defendant Brinker International, Inc.'s motion to

dismiss the first amended complaint in part by dismissing Plaintiff Samuel E. Griffith's defamation claim against Brinker with prejudice. The motion should otherwise be denied. The Court should also not allow further leave to amend and should return this case to the undersigned for further pretrial management.

A copy of these findings, conclusions, and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: January 11, 2022

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE